IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## ARZOLIA CHARLES GOINES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 80732     Ray Jenkins, Judge**

---

**No. E2004-03018-CCA-R3-HC - Filed July 29, 2005**

---

The petitioner, Arzolia Charles Goines, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner failed to comply with the statutory requirements for pursuing habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Arzolia Charles Goines, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In March 1988, the petitioner was convicted of armed robbery, second-degree burglary, and grand larceny. The jury further convicted the petitioner as an habitual criminal. The trial judge enhanced the punishment for the burglary and robbery convictions to life imprisonment. Following a separate sentencing hearing, the trial judge imposed a ten-year sentence on the grand larceny conviction. On appeal, this court reversed and dismissed the grand larceny conviction and resulting sentence, but affirmed the judgment of the trial court in all other respects. See State v. Arzolia Charles Goines, No. 1208 (Tenn. Crim. App. Apr. 14, 1989), app. denied (Tenn. July 3, 1989). On November 15, 2004, the petitioner filed the instant petition for writ of habeas corpus, his fourth.[1] He asserted that the sentence imposed upon his 1988 convictions is illegal

---

[1] See Arzolia Charles Goines v. Glen Turner, Warden, No. E2004-00289-CCA-R3-HC (Tenn. Crim. App. Nov. 1, 2004); Arzolia Charles Goines v. Warden Glen Turner, No. W2003-02281-CCA-R3-HC (Tenn. Crim. App. Sept. 22,
(continued...)

and void because the conviction offenses were committed when he was on parole for a prior felony conviction and the trial court ordered the sentence to run concurrently with the remaining portion of his prior sentence in violation of Tennessee Code Annotated Section 40-28-123(a). That section provides that "[a]ny prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole."

The trial court dismissed the petition, finding that it failed to conform to the statutory requirements for a habeas corpus petition. See Tenn. Code Ann. § 29-21-101 - 29-21-130. The trial court further found that the petition was not properly construed as one for post-conviction relief, the petitioner having filed six previous petitions under the post-conviction procedure act, and the instant pleading being barred by the statute of limitations. See Tenn. Code Ann. § 40-30-102(a), (c). The petitioner timely appealed.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Tennessee Code Annotated Section 29-21-107(b)(4) provides that the petition shall state that it is the "first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." In the present case, the petition states that to his knowledge, the legality of the challenged restraint has not been adjudged in a prior habeas corpus proceeding. See Tenn. Code Ann. § 29-21-107(b)(3). However, he has failed to produce a copy of all prior habeas corpus petitions or to provide a satisfactory reason for his failure to do so, stating only that his property has been lost and that his "legal papers" were also lost in the prison law library. The court concludes that the instant petition was subject to dismissal based on the petitioner's failure to comply with the applicable statutory requirements. Nonetheless considering the petition on its merits, we observe that the petitioner's claim of a void judgment based upon an illegal sentence has in fact been previously adjudged and again conclude it is without merit.

In Arzolia Charles Goines v. Glen Turner, Warden, No. E2004-00289-CCA-R3-HC (Tenn. Crim. App. Nov. 1, 2004), the petitioner, in a habeas corpus proceeding challenging his 1988 judgments, also claimed that he was on parole at the time of the commission of the current offense and that the trial court thus erroneously ordered his present sentence to run concurrently with the unserved portion of the prior sentence. This court affirmed the denial of habeas corpus relief, holding that because the record did not show that the judge issued a sentence concurrent with the petitioner's prior felony, the petitioner had failed to establish his claim of a void judgment. Id., slip op. at 3. Upon our review of the record before us, the instant claim similarly

[1](...continued)
2004); Arzolia C. Goines v. State, No. E1999-01199-CCA-R3-CD (Tenn. Crim. App. Jan. 7, 2000). -

fails.  There is nothing to support the petitioner's assertion that the challenged sentence was ordered served concurrently with an unserved portion of a prior felony sentence.

Based on the foregoing, the trial court's dismissal of the petitioner's habeas corpus petition is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
GARY R. WADE, PRESIDING JUDGE